# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

August 11, 2008

Dan S. Smith
Dan Solomon Smith, LLC
339 Main Street, Suite 2D
Orange, NJ 07050
    (*Attorney for Plaintiff*)

Avion Monique Benjamin
Office of the Corporation Counsel
9210 Broad Street, Room 316
Newark, NJ 07102
    (*Attorney for Defendants*)

**RE:**    <u>**Davion Sumler v. City of Newark, et al.**</u>
        <u>**Civ. No. 08-1015 (WJM)**</u>

Dear Counsel:

    This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not opposed the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was held. For the reasons discussed below, Defendants' motion is **GRANTED**.

I.    **Factual and Procedural History**

    The instant litigation arises out of two encounters in November 2004 involving Plaintiff, Plaintiff's cousin Derrick Martin, and several officers of the Newark Police Department ("NPD"). On November 9, 2004, Plaintiff alleges that he and his cousin were illegally stopped and searched by two Newark police officers. On November 15, 2004, Plaintiff alleges that he and his cousin were again illegally stopped and searched by

the same two officers, and that the officers also harassed and physically assaulted him.

In May 2005, Plaintiff filed suit in Essex County Superior Court against the City of Newark, the Newark Police Department and John Doe defendants which included the individual officers involved in the incident. The complaint contained eight counts alleging that Plaintiff was falsely imprisoned, assaulted, and subjected to excessive force. Plaintiff also alleged improper customs and practice by the City of Newark and negligence by the City of Newark and the NPD. Upon completion of discovery, the defendants moved for summary judgment. On April 13, 2007, following oral argument, the Hon. Rachel Davidson granted summary judgment in favor of the defendants on all counts.

In February 2008, Plaintiff, represented by the same counsel as in state court, filed a thirteen count Complaint in this Court alleging, *inter alia*, various state law claims and violations of his United States constitutional rights under 42 U.S.C. § 1983. The facts asserted in the instant Complaint arise from the same November 2004 incidents and are virtually identical to those asserted and dismissed in the prior state court action, as are the named defendants.

Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6), asserting that the Complaint must be dismissed pursuant the doctrine of *res judicata*.[1] Plaintiff has filed no response to Defendants' motion.

## II.     Discussion

Under New Jersey law, *res judicata*, also known as claim preclusion, will serve as a bar to later-filed claims when three conditions are met: "(1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994).

Here, all of the elements for claim preclusion have been met. First, the state

---

[1] Defendants also move for dismissal on the grounds that Plaintiff failed to comply with Rule 4(m) when he served Defendants with a copy of the Complaint without Summons, and then failed to serve the Summons within 120 days of the filing of the Complaint. Because no good cause has been shown for Plaintiff's failure to comply with Rule 4(m), dismissal of the Complaint without prejudice would be appropriate in this case had this Court not concluded, as discussed below, that dismissal with prejudice is warranted pursuant to *res judicata*.

2

litigation that ended in summary judgment against Plaintiff certainly qualifies as a judgment that is valid, final and on the merits. Second, the Defendants named here are identical to those named in the 2005 suit.[2] Finally, it is obvious from a comparison of the two complaints that Plaintiff not only alleges claims "growing out of the same transaction or occurrence as the claim in the first action," but actually alleges almost identical claims, arising from incidents that are described almost identically in both pleadings. Therefore, this Court must dismiss Plaintiff's Complaint with prejudice.

**III.    Conclusion**

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate Order accompanies this Letter Opinion.

  s/William J. Martini

**William J. Martini, U.S.D.J.**

---

[2]    The state suit was filed against the City of Newark, the Newark Police Department, and "John Does (1–10)". The instant Complaint involves the same defendants, with the addition of "Jane Does (10–20)". Because no additional actors or factual allegations are described in the federal Complaint, the addition of Jane Does to the federal suit has no effect on the Court's conclusion that the parties here are identical to, or at least in privity with, the parties in the prior suit.